THE PEOPLE, for use of State Board of Pharmacy, Appellee, *vs.* PAUL ZITO *et al.* Appellants.

*Opinion filed December 15, 1908—Petition stricken Feb. 5, 1909.*

1. STATUTES—*statutory rules of construction do not apply if contrary to legislative intent.* Under section 1 of the act entitled "Statutes," the rules of construction therein laid down must be observed in construing a statute, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute, in which case the general provisions of the act do not apply.

2. SAME—*amendatory act is not a repeal of portions of original act unchanged.* As a general rule, an amendment of a statute is only a repeal as to the portions of the original act left out of the amendment, and as to the portion unchanged in form or substance the amendment is merely a continuation of the original act.

3. SAME—*amendment of 1908 to sections 14a and 14b of Pharmacy act did not work repeal.* The amendment in 1908 of sections 14a and 14b of the act to regulate the practice of pharmacy, which relate to the offense of selling cocaine and the punishment thereof, did not work a repeal of such sections as they were enacted in 1903, nor work an abatement of any pending prosecutions for selling cocaine in violation of the act of 1903.

4. EVIDENCE—*when proof that sale of cocaine was made by a clerk is proper.* The fact that the bill of particulars alleges that a sale of cocaine was made by the defendants on a certain date, without stating to whom the sale was made or that it was made by a clerk, does not preclude proof that the defendants kept for sale a certain catarrh powder, which was a compound of cocaine, and that their clerk made a sale of the same in the absence of the defendants, where it is not denied that the clerk was authorized to sell and was expected to sell what was called for.

5. SAME—*when proof of other sales is competent.* In a prosecution for selling cocaine in violation of the statute, where the defendants contest the authority of the clerk to make the sale counted upon, proof of other sales before and after the one on which the prosecution is based is competent for the purpose of showing the manner of conducting the business and the authority of the clerk as well as upon the question of intent.

6. COCAINE—*sale of cocaine in original package, without prescription, is unlawful.* Section 14a of the Pharmacy act, as added in 1903, (Laws of 1903, p. 248,) which makes it unlawful for a druggist or any other person to sell or give away cocaine except

upon prescription, supersedes the proviso to section 1 of such act, as enacted in 1901, excluding from the operation of the act sales of proprietary or patent medicines in the original, unbroken packages, and, under the amendment of 1903, a sale of a preparation of cocaine in the original package without a prescription is unlawful.

7. JUDGMENTS AND DECREES—*when judgment may order commitment until the penalty is paid.* The constitutional prohibition against imprisonment for debt does not extend to actions of debt for fines and penalties inflicted for violations of the penal laws of the State, and it is not error for the judgment in such an action to order the defendants committed to jail until the penalty is paid.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding.

WILLIAM SCHREIDER, for appellants.

E. I. FRANKHAUSER, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The municipal court of the city of Chicago rendered judgment against Paul Zito and Frank Zito, the appellants, in an action of debt in the name of the People, for the use of the State Board of Pharmacy, on the verdict of a jury finding them guilty of selling cocaine, and ordered that they stand committed to the county jail of Cook county until the fine and costs should be paid. The record was removed to the Appellate Court for the First District by writ of error, and the Appellate Court having affirmed the judgment, this appeal was taken.

The suit was begun and prosecuted to final judgment under sections 14*a* and 14*b*, which were added in 1903 to the act of 1901, regulating the practice of pharmacy. After the cause had been argued and submitted to the Appellate Court for decision the legislature amended said sections by an act approved and in force January 17, 1908. (Laws of

1907-08, p. 88.) No mention of that amendment was made in the brief or argument for the appellants in this court, but before the submission of the cause they entered their motion to have the judgment reversed and the suit abated on the ground that the amendatory act of 1908 operated as a repeal of the sections under which they were prosecuted without any provision saving pending prosecutions.

The amendatory act does not purport to repeal the sections as they previously existed or any provision contained therein, but only provides that they shall be amended to read as therein stated, by which the provisions against the sale of cocaine are made more stringent. In the absence of any constitutional or legislative provision on the subject, an amending act may operate as a repeal of the statute amended; but the general rule is, that an amendment is only a repeal as to the portions of the original act left out of the amendment, and as to the portion unchanged, in form or substance, the amendatory act is a mere continuation of the original act. (26 Am. & Eng. Ency. of Law,—2d ed.— 713.) However, we have a general act to the same effect, which constitutes chapter 131 of the revision of 1874. That act provides that in the construction of all statutes certain rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute. Section 2 establishes the rule that the provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions and not as a new enactment. Section 14a, as it existed when the offense was committed and when the prosecution was carried on, made it unlawful for any druggist or other person to retail or sell or give away cocaine except upon the written prescription of a licensed physician or dentist. The amendatory act of 1908 declared it to be unlawful for any druggist or other person to retail, sell or give away cocaine except upon the written prescription of a duly registered

physician, and so far as its provisions are the same as those of the act of 1903 it is to be construed as a continuation of the prior provisions and not as a new enactment. A section was added increasing the penalty for the offense by allowing imprisonment as well as a fine, but the penalty recovered against the defendants is within the provisions of both acts. The sale of cocaine did not cease to be an offense under the amendatory act, which, in that respect, was but a continuation of the act of 1903.

Section 4 of said chapter 131 also relates to the subject under consideration, and is as follows: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject, or in any other act."

This court has given full force to the provisions of section 4 whenever occasion required. In the case of *Farmer* v. *People,* 77 Ill. 322, the statute was applied to a prosecution for selling intoxicating liquor to a minor, and it was held that a repealed statute furnished the right of action or prosecution but not the practice or mode of procedure, which would be governed by the practice under a later act.

In *Roth* v. *Eppy,* 80 Ill. 283, the construction required by the statute was adopted in a suit brought under an act to provide against the evils resulting from the sale of intoxicating liquors, in force July 1, 1872, which had been revised by an act covering the whole subject, in force July 1, 1874. Again, in *Hyslop* v. *Finch,* 99 Ill. 171, it was held that what had been done prior to the repeal of an act was valid and what remained to be done must conform to the requirements of the subsequent act.

It is urged that the statute was merely designed to save prosecutions and suits under pre-existing statutes and that it has no relation to legislative acts subsequent to its passage; but to adopt such a construction would not only do violence to all rules, but to the language of the statute itself, which declares that the rules shall be observed as to all statutes in force at the time of its enactment or which might thereafter be enacted. There has been no inconsistency between the decisions as to the effect of the act. It provides that certain rules shall be observed unless the construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute, and there have been some cases where it could not be applied. The case of *Mix* v. *Illinois Central Railroad Co.* 116 Ill. 502, was an action in debt by Mix to recover penalties from the Illinois Central Railroad Company for failing to bring trains to a full stop before crossing another railway. After the suit was commenced the legislature amended the act, not only by changing the distance within which the stop must be made, and the penalty, but also by requiring all suits to be prosecuted in the name of the People, so that an action could not be maintained by a private person. Under the repealed act the penalty belonged to the person suing, but under the new act it was to be paid into the county treasury. The suit had not been prosecuted to judgment when the new act was passed, and it was held that, inasmuch as a private person acquires no right to a

penalty by merely suing for it, the legislature might amend
or repeal the law as well after as before suit was brought
to recover the penalty. As suit could not be brought by
an individual under the new act, the further proceedings
could not conform to it. In *Holcomb* v. *Boynton,* 151 Ill.
294, the act giving jurisdiction to the county court of De-
Kalb county in suits to enforce mechanics' liens was re-
pealed without any saving clause as to proceedings begun
and pending under the old law, and as the court was then
without jurisdiction to take any further steps in the case
and the proceeding was incomplete, it was held that a sale
under the decree was void. In *Vance* v. *Rankin,* 194 Ill.
625, there was a petition for a writ of *mandamus* to com-
pel the president and trustees of a village to disconnect cer-
tain territory. The writ was awarded and the Appellate
Court affirmed the judgment, but while the appeal was pend-
ing in the Appellate Court the legislature repealed the act
under which the suit was brought, and made it discretionary
with the president and trustees whether they would discon-
nect territory or not, and also provided that the act should
apply to and affect all pending cases, whether application
had been made for disconnecting or not.

Counsel misapprehends the purport of these decisions,
which all clearly come within the provision that the rules
of construction fixed by the statute are only to be observed
where such construction would not be inconsistent with the
manifest intent of the legislature or repugnant to the con-
text of the same statute. It would not be competent for
the legislature to limit by the general act its own legislative
powers, and where a contrary intent is expressed the gen-
eral provisions of chapter 131 do not apply. (*Mix* v. *Illi-
nois Central Railroad Co. supra.*) The punishment in-
flicted cannot be increased by an amendatory or repealing
act, which would bring it into conflict with the constitu-
tional prohibition against *ex post facto* laws, (*Johnson* v.
*People,* 173 Ill. 131,) but a defendant would be entitled to

have the punishment fixed under the law as it stood at the time of the commission of the crime. If, however, any penalty, forfeiture or punishment be mitigated by any provisions of the new law, section 4 provides that with the consent of the party affected the provisions may be applied to any judgment pronounced after the new law takes effect. (*Kossakowski* v. *People,* 177 Ill. 563.) The motion of the appellants is denied.

The first alleged error mentioned in the brief for appellants is that the bill of particulars was insufficient and the court therefore erred in admitting evidence under it. The bill of particulars alleged that the sale was made on November 17, 1906, in the city of Chicago, but did not state to whom the sale was made nor whether it was made by defendants personally or through an agent or clerk. Counsel says that, to the surprise of the appellants, evidence was admitted that the sale was made by a clerk. It was proved, and there was no controversy over the facts, that the appellants kept Crown Catarrh Powder, which was a compound of cocaine, for sale in the store, and that the clerk was employed to sell what was kept there for sale. It was not necessary to give the name of the person to whom the sale was made or to state that the name was unknown. (*Cannady* v. *People,* 17 Ill. 158; *Green* v. *People,* 21 id. 125; *Rice* v. *People,* 38 id. 435.) It was not denied that the clerk had authority to sell, and was expected to sell, whatever was called for, and appellants would doubtless have suffered a genuine surprise to learn upon the trial that he had refused to sell anything kept in the store for sale to a customer who asked for it.

The bill of particulars charged but one sale and the court permitted evidence of other sales. The penalty is greater for the second offense, and evidence was offered of a prior conviction for the purpose of having the greater penalty inflicted, but no objection was made to such proof. It was practically conceded that the People had the right to show

one previous conviction, but when there was an attempt to prove a number of convictions the court ruled that the People could only prove one, and required them to select the one upon which they would rely. The People were then permitted to withdraw the record of a conviction which had been offered and to offer another, and there was no prejudice to the appellants in so doing.

The court permitted evidence of other sales before, and one sale after, the one on which the prosecution was based, and it is alleged that the ruling was wrong. Appellants were contesting the authority of the clerk to make any sale, and the evidence was not improper for the purpose of showing the manner of conducting the business and the authority of the clerk, as well as on the question of intent. (23 Cyc. 270.)

The court excluded evidence that Crown Catarrh Powder was a patent or proprietary preparation and was sold in original and unbroken packages. The original act of 1901 regulated the sale of drugs and medicines and fixed the qualification of pharmacists, and by a proviso to section 1 the act was not to apply to the sale of patent or proprietary preparations in original and unbroken packages, so that they could be sold by any person, whether a pharmacist or not. The amendatory act of 1903 made it unlawful for any druggist or other person to retail or sell or give away cocaine or any salts or compound thereof, and the prohibition applied to every person, whether a druggist or not. The amendatory act being a later expression of the legislative will, must prevail. The law now provides that a wholesale dealer may sell cocaine at wholesale by displaying on a label the name and quantity of cocaine or its compounds, with the word "poison." The fact that a wholesale dealer might sell cocaine to the appellants, which they might lawfully sell on the prescription of a physician, has nothing to do with their right to sell it at retail without a prescription, in violation of the law.

Finally, it is insisted that the judgment is erroneous because it orders commitment of the appellants until the penalty shall be paid, and this argument is based upon the constitutional prohibition against imprisonment for debt. That prohibition applies only to debts in their proper and popular sense, where the relation of debtor and creditor exists. It does not extend to actions for fines or penalties inflicted for violations of the penal laws of the State. (*Kennedy* v. *People*, 122 Ill. 649.) The case of *Kettles* v. *People*, 221 Ill. 221, cannot be distinguished from this one, and it was there held proper, where a fine is recovered, to order, as a part of the judgment, that the defendant be committed to jail until the fine is paid.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*