THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WAYNE C. GIBSON, JR., Defendant-Appellant.

Fourth District    No. 13105

Opinion filed August 26, 1976.

CRAVEN, J., dissenting.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant Wayne Gibson was indicted for the offense of involuntary manslaughter in that on April 29, 1974,

" * * * he did knowingly and without lawful justification kill Tracy Fink by recklessly driving a car at a high rate of speed and in the wrong lane of traffic and off the public roadway, such action being of a nature likely to cause death or great bodily harm to some individual * * *."

The provisions of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 9—3) defined involuntary manslaughter and reckless homicide as follows:

"(a) A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly.

(b) If the acts which cause the death consist of the driving of a motor vehicle, the person may be prosecuted for reckless homicide of if he is prosecuted for involuntary manslaughter, he may be found guilty of the included offense of reckless homicide.

(c) Sentence. (1) Involuntary manslaughter is a Class 3 felony. (2) Reckless homicide is a Class 4 felony."

Upon his plea of guilty entered pursuant to a negotiated plea agreement and accepted after compliance by the trial court with the requirements of Supreme Court Rule 402, the defendant was convicted for the offense of involuntary manslaughter on September 23, 1974. A presentence investigation was conducted, and a report was prepared. A sentencing hearing was held on November 14, 1974. The court was advised of the terms of the plea agreement which included a recommendation from the State that the defendant be sentenced to a term not to exceed 5 years' probation with certain conditions attached. The trial court rejected that proposal and imposed a term of 1 to 10 years' imprisonment.

A direct appeal was filed. During the pendency of the appeal, the Criminal Code provisions governing involuntary manslaughter and reckless homicide were amended and now provide:

"(a) A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle, in which case the person commits reckless homicide.

(b) Sentence. (1) Involuntary manslaughter is a Class 3 felony. (2) Reckless homicide is a Class 4 felony." (Ill. Rev. Stat. 1975, ch. 38, par. 9—3).

The amended provisions became effective on October 1, 1975.

With leave from this court, the defendant abandoned his original argument on appeal and filed a supplemental brief which presents the question to be decided here. The sole issue pursued on this appeal is whether the defendant's conviction for involuntary manslaughter should be reduced to reckless homicide and the cause remanded for resentencing as the result of the amendment to the Criminal Code provisions dealing with involuntary manslaughter and reckless homicide. The Unified Code of Corrections provides, in part, as follows:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4.)

The defendant contends that the second sentence of above quoted provision of the Unified Code of Corrections applies to his case because the conduct for which he was indicted and convicted is now punishable by a lesser sentence than under prior law. However, we cannot agree with the defendant. We shall affirm.

The amendment to the Criminal Code provisions dealing with involuntary manslaughter and reckless homicide changes the nature of the offense of involuntary manslaughter (in some instances) but does not reduce the penalty for involuntary manslaughter. Involuntary manslaughter is a Class 3 felony under both Code provisions. In the defendant's case, the conduct which constituted involuntary manslaughter at the time the offense was committed is now classified as reckless homicide. Thus, the second sentence of section 8—2—4 has no application here.

The suggestion has been made that *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, stands for the proposition that any change in substantive statutory law which is favorable to a defendant and which occurs during the pendency of an appeal inures to the benefit of the defendant. However, we do not view the holding of *Williams* to be so broad. The statutory change in *Williams* involved a sentencing provision, rather than a change in the definition of the offense as involved here. We can find no authority holding that, if wrongful conduct is later defined as a lesser offense while the defendant's appeal is pending, the defendant is entitled to have his sentence reduced to conform to the penalty provision for the lesser offense.

The application of the instant amendment of the Criminal Code is governed by section 4 of "An Act to revise the law in relation to the construction of the statutes".

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." (Ill. Rev. Stat. 1973, ch. 131, par. 4.)

Therefore, the benefits of the amendment to the Criminal Code provisions regarding involuntary manslaughter and reckless homicide are not applicable to the defendant's case.

Accordingly, the judgment of conviction and sentence are affirmed.

Affirmed.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

I dissent.

In *Williams*, the Illinois Supreme Court again held that if the sentence provisions of a statute were more favorable to the defendant by reason of enactment during the time that the appeal was pending, the defendant is entitled to the benefit of the more favorable intervening statute. The opinion in *Williams* cites and relies upon and follows the cases of *People v. Morgan* (1974), 59 Ill. 2d 276, 319 N.E.2d 764; *People ex rel. Weaver v. Longo* (1974), 57 Ill. 2d 67, 309 N.E.2d 581; *People v. Chupich* (1973), 53 Ill. 2d 572, 295 N.E.2d 1; *People v. Harvey*, (1973), 53 Ill. 2d 585, 294 N.E.2d 689.

The majority opinion in this case seeks to distinguish *Williams*, but the attempt is unsuccessful. In this case, the conduct of the defendant at the time of the conduct and at the time of the negotiated plea constituted involuntary manslaughter and was subject to a penalty of not less than 1 nor more than 10 years as a Class 3 felony. While the appeal was pending, Public Act 79-679, approved September 3, 1975, effective October 1, 1975, effectively changed the offense with which this case is concerned from involuntary manslaughter to reckless homicide and the penalty provision was changed and the penalty possibilities were those for a Class 4 felony

with a penitentiary sentence of not less than 1 nor more than 3 years. The majority opinion somehow or other concludes that the defendant is not entitled to the change because of the change with reference to the substantive offense. There is a change as to the substantive offense but no matter how one construes the statutory language, the fact of the matter is the defendant in this case received a sentence of not less than 1 nor more than 10 years for conduct, the penalty for which is now not less than 1 nor more than 3 years, and he is denied the obvious benefit of such intervening favorable change. I would affirm the conviction and reduce the sentence.