(No. 52534.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHRIS POLL, Appellee.

*Opinion filed June 20, 1980.*

William J. Scott, Attorney General, of Springfield, and Thomas Difanis, State's Attorney, of Urbana (Donald Mackay and Melbourne A. Noel, Jr., of Chicago, and Steven J. Teplinsky, of Springfield, Assistant Attorneys General, and Marc D. Towler and Robert J. Biderman, of

the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Karne Munoz, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

In the circuit court of Champaign County, a jury found defendant, Chris Poll, guilty of attempted burglary and armed violence. He was sentenced to a term of three to nine years for attempted burglary and to a concurrent term of one to three years for armed violence. The appellate court affirmed the convictions but remanded for a new sentencing hearing based on its finding that evidence of pending charges against defendant was improperly admitted at the sentencing hearing. (74 Ill. App. 3d 534.) We granted the State leave to appeal.

After defendant's conviction, a hearing in aggravation and mitigation was conducted. A presentence report, submitted to the court, listed the history of defendant's prior convictions. In February 1975 defendant had been placed on probation after being adjudicated a delinquent based upon his illegal possession of alcohol and a violation of the curfew law. In May 1975 defendant, as an adult, was convicted of aggravated battery and sentenced to six months' incarceration. In January 1976 he was convicted of two unrelated burglaries and sentenced to 2 to 10 years' imprisonment for each occurrence, the terms to run concurrently. In July 1978 he was found guilty of escape and sentenced to four years in prison.

The presentence report also listed three charges which were currently pending against defendant: (1) unlawful use of weapons (originally included in the present action as a separate count but severed before trial); (2) battery; and (3) conspiracy to escape from the county jail.

At the hearing, the State called Jeffrey Rodgers, a former cell mate of the defendant, to testify concerning the pending battery charge. The defense counsel objected to the introduction of *any* evidence relating to charges pending against defendant. The objection was overruled. Rodgers testified that he had asked to be transferred from defendant's cell because "physical violence was starting"; that as he was packing his belongings, defendant "jumped" on him, gave him "a grazing blow to [his] head," and started a scuffle on the floor. The State then introduced the testimony of Ronald Carper, a deputy sheriff, who testified that he had observed the alleged battery involving Rodgers. He related that defendant was "trying to antagonize" Rodgers and that defendant had struck Rodgers in the face. The defense stipulated that the testimony of the State's next witness, Ken Roderick, a jailer at the county jail, would be substantially the same as the testimony of deputy sheriff Carper concerning the battery incident.

The State's next witness, Paul Pope, a deputy sheriff, testified to the circumstances surrounding a written statement made by defendant on August 12, 1978, concerning his involvement in a conspiracy to escape from the Champaign County jail. This statement was the basis for the State's then-pending charge of conspiracy. In the interest of conserving the court's time, defense counsel stipulated to the foundation testimony and allowed the State to introduce defendant's written statement, admitting his involvement in the conspiracy to escape. Also admitted, by stipulation, were hacksaw blades found in a paper bag outside the county jail.

Defense counsel cross-examined each of the State's witnesses and was given the opportunity to present evidence. The only evidence offered by the defendant in mitigation was a letter from Dr. Daniel Pugh, a physchiatrist, which letter indicated that defendant suffered from

multiple drug dependencies and alcoholism.

Before announcing the sentence, the judge stated:

"[T]he defendant has elected to be sentenced under the law in effect prior to February 1, 1978, and under that law, of course, probation is an alternative. I've considered all the factors in aggravation that have been called to the court's attention and any factors in mitigation. I find nothing really to mitigate the conduct of the defend- and and *based on the record of the prior convictions of this defendant* I certainly don't believe that probation is a viable alternative." (Emphasis added.)

The appellate court held that it was error in a sentencing hearing to admit evidence of pending charges without the consent of the defendant. The defendant relies on the appellate court's conclusion that the admission of such evidence without his consent is a violation of the right to a trial by jury as well as the right to be proved guilty beyond a reasonable doubt. The State argues that the defendant's claim that his rights were violated is baseless in that the record clearly shows that the evidence of charges pending against the defendant was not relied on by the judge in imposing sentence. The State further argues that even if such evidence was considered by the judge in sentencing, there was no reversible error because evidence of pending criminal charges may, under certain circumstances, be properly introduced in aggravation during a sentencing hearing.

We agree with the State's contentions. The defendant may not claim that his rights were violated by the introduction of evidence of pending charges since the judge did not consider such evidence in imposing sentence. Before announcing the defendant's sentence, the judge expressly stated that he was basing his decision "on the record of the *prior convictions* of this defendant." No mention was made of any reliance on the evidence introduced concerning the criminal charges pending at that time. Since such evidence was not used in imposing sentence, defendant's

290

claimed error is without merit.

We also agree with the State's position that, even if the judge had considered the evidence of the defendant's pending charges, the introduction of evidence concerning such charges would not be reversible error under the facts and circumstances of this case. See *Roberts v. United States* (1980), 445 U.S. 552, 63 L. Ed. 2d 622, 100 S. Ct. 1358; *People v. Bey* (1972), 51 Ill. 2d 262; *People v. Kelley* (1970), 44 Ill. 2d 315; *People v. Adkins* (1968), 41 Ill. 2d 297; *People v. O'Neil* (1960), 18 Ill. 2d 461.

For these reasons, that part of the judgment of the appellate court which remanded this cause to the trial court for resentencing is vacated, and the judgment of the circuit court of Champaign County is affirmed.

*Appellate court affirmed in part and vacated in part; circuit court affirmed.*