THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONTALYON JIMERSON, Defendant-Appellant.

Third District  No. 82—403

Opinion filed December 20, 1982.

HEIPLE, J., specially concurring.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:
From his conviction of felony theft following a bench trial, the defendant, Dontalyon Jimerson, appeals. The defendant, who represented himself at trial, was given a three-year term of imprisonment. In this appeal, he raises only one issue: whether his sentence should be vacated and his cause remanded for resentencing because the trial court allegedly ruled erroneously that it must apply the penalty provisions for a Class 3 felony and failed to provide the defendant an opportunity to elect between specific sentencing alternatives. We affirm.

The factual basis for the defendant's conviction was his taking of two boxes of cast aluminum cookware from a Montgomery Ward store on November 10, 1981. The value of the goods taken was $179.98. At the time of the offense, theft of goods valued in excess of $150 was charged as a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1), (e)(3).) Prior to the defendant's trial in March 1982, the sentencing provisions of the theft statute were amended to read as fol-

lows:

> "Sentence.
>
> (1) Theft of property, other than a firearm, not from the person and not exceeding $300 in value is a Class A misdemeanor. A second or subsequent offense after a conviction of any type of theft, including retail theft, other than theft of a firearm, is a Class 4 felony.
>
> * * *
>
> (3) Theft of property from the person or exceeding $300 is a Class 3 felony." (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1), (3).)

Thus, under the provisions of the amended statute, which became effective January 1, 1982, the defendant's theft offense is classified as a Class A misdemeanor rather than as a Class 3 felony.

The sentencing range for a Class 3 felony is two to five years and a maximum term of probation of 30 months. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(6).) Class A misdemeanors are punishable by a term of imprisonment or probation of less than one year, while Class 4 felonies are punishable by a term of imprisonment of one to three years or a term of probation not to exceed 30 months. (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—8—3(a)(1), 1005—8—1(a)(7), 1005—6—2(b)(2), (3).) Because the defendant in the instant case had a prior theft conviction that was sufficiently established prior to sentencing, he was not eligible for Class A misdemeanor sentencing but for Class 4 felony sentencing under the statute as amended in January 1982.

At the conclusion of the defendant's trial, at which he appeared *pro se*, the following exchange took place between the prosecuting attorney and the judge:

> "The Court: Well, Mr. White, one question I had, that new statute that amends the jurisdictional amount for felony theft, when did that go in effect?
>
> Mr. White: January 1st (1982).
>
> The Court: So, at the time of this offense, the value in question is a hundred and fifty?
>
> Mr. White: That is correct."

The trial court then found the defendant guilty of felony theft. On April 30, 1982, the date set for the defendant's sentencing hearing, the public defender was appointed to represent him, and the hearing was continued until May 10, 1982. Following two additional continuances, the defendant was sentenced to three years imprisonment on June 2, 1982.

At the defendant's sentencing hearing, his appointed counsel

made an oral motion for a new trial, which was denied. No written motion for a new trial was ever filed in the trial court. The necessity for a written motion was excused by the trial judge, because the defendant's counsel, who had not represented the defendant at trial, would have required a transcript of the trial proceedings before a written motion could be prepared.

In this appeal, the defendant contends that his sentence must be vacated and his cause remanded for a new sentencing hearing, because the trial court did not afford him an opportunity to elect the sentencing scheme under which he wished to be sentenced as required by section 4 of "An Act to revise the law in relation to the construction of the statutes," which provides as follows:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." Ill. Rev. Stat. 1981, ch. 1, par. 1103.

The State first argues that the defendant has waived the issue he now raises on appeal by his failure to include it in his oral post-trial motion or in a written post-trial motion. Waiver is clearly not appropriate here, since the defendant's nonspecific oral motion for a new trial preserved for review every proper ground for a new trial appearing in the record. *People v. Irwin* (1965), 32 Ill. 2d 441, 207 N.E.2d 76; *People v. Biers* (1976), 41 Ill. App. 3d 576, 353 N.E.2d 389.

Addressing the merits of the defendant's contention on appeal, the State argues that the new theft statute changed a material element of the offense of theft, that is, the value of the goods taken necessary to raise an offense from a misdemeanor to a felony, and did not alter the penalty for theft. Thus, the State argues, the trial court

properly sentenced the defendant for felony theft since the defendant's offense constituted felony theft at the time it was committed, and the sentence for a felony theft was unchanged by the amendments to section 16—1 of the Criminal Code of 1961. In support of this proposition, the State cites to *People v. Gibson* (1976), 41 Ill. App. 3d 209, 354 N.E.2d 71, and *People v. Poll* (1979), 74 Ill. App. 3d 534, 393 N.E.2d 732, *aff'd in part, vacated in part on other grounds* (1980), 81 Ill. 2d 286, 408 N.E.2d 212.

In *Gibson,* the defendant was convicted of involuntary manslaughter. While his appeal was pending, the provisions governing involuntary manslaughter and reckless homicide were amended. These amendments reclassified the defendant's behavior from involuntary manslaughter to reckless homicide. The reviewing court refused to reduce the defendant's conviction from involuntary manslaughter to reckless homicide and to remand the cause for resentencing, because the court found that the amendments changed the nature of but not the penalty for the offense of involuntary manslaughter. The court concluded:

> "We can find no authority holding that, if wrongful conduct is later defined as a lesser offense while the defendant's appeal is pending, the defendant is entitled to have his sentence reduced to conform to the penalty provision for the lesser offense." *People v. Gibson* (1976), 41 Ill. App. 3d 209, 211, 354 N.E.2d 71, 73.

Three years later, in *People v. Poll,* the reviewing court was faced with the same procedural sequence as in the present appeal: that is, an element of the offense was changed after the defendant had committed the offense but prior to his trial and sentencing. The defendant in *Poll* was charged with armed violence based upon aggravated assault. Prior to the defendant's trial and sentencing, the armed violence statute was amended to remove misdemeanors, including aggravated assault. As in *Gibson,* the court in *Poll* rejected the defendant's argument that this change in the substantive statutory law mandated a reduction in the nature of the defendant's conviction and of his sentence.

In rebuttal, the defendant in the case at bar contends that, unlike *Gibson* and *Poll,* the statutory amendments here did not alter the offense but only the sentence imposed. He argues that his conviction for theft remains substantively the same before and after the amendments to section 16—1 of the Criminal Code of 1961.

Authority exists for the proposition that any changes in sentencing provisions which are favorable to the defendant and which occur

during the pendency of an appeal inure to the benefit of the defendant and require that the defendant be apprised of the changes and be given an opportunity to elect the sentencing scheme under which he will be sentenced. *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819.

Applying the provisions of section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1103) and the relevant case law to the facts of the case at bar, we conclude that the defendant is not entitled to a new sentencing hearing. The value of the goods taken is an essential element of the offense of theft. Public Act 82—318, section 1, which amended the theft statute effective January 1, 1982, to classify a Class 3 felony as the taking of goods valued in excess of $300 as compared with the previous statute classifying the taking of goods in excess of $150 as a Class 3 felony changed the substantive law of theft, not merely the sentencing provisions. We can find no authority nor has the defendant cited to any authority for the proposition that where wrongful conduct is later defined as a lesser offense, the individual convicted of the wrongful conduct is entitled to have his sentence reduced to conform to the penalties for the lesser offense.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Affirmed.

SCOTT, J., concurs.

JUSTICE HEIPLE, specially concurring:

On January 1, 1982, the demarcation line between misdemeanor theft and felony theft was increased from $150 to $300. Unchanged in the law was the provision making a second or subsequent offense of theft a felony regardless of amount. Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1).

The law also provides that when penalties are mitigated by a new law, the defendant is entitled to claim the benefit of the lesser penalty. Section 4 of "An Act *** in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1103).

The change in the law and its application to a particular case is the basis for this appeal.

Defendant, Dontalyon Jimerson, shoplifted aluminum cookware from the Montgomery Ward store on November 10, 1981. The items taken had a fair market value of $179.88. He had a previous theft

conviction. His trial took place on March 15, 1982. He was convicted and subsequently sentenced to a three-year term of imprisonment.

The judge based his sentence on the law applicable on the date of the offense. Based on the amount taken, which exceeded $150, the law made the offense a Class 3 felony punishable by imprisonment for a determinate term of not less than two years and not more than five years. Even if the amount taken had been less than the threshold $150, it would have constituted a Class 4 felony for this defendant since it was his second theft conviction. The Class 4 felony was and still is punishable by imprisonment for a term of not less than one year and not more than three years. The judge was explicit, however, that he was sentencing the defendant as a Class 3 felon for a three-year term of imprisonment.

The judge was aware of the change in the law but did not apply the new law since he did not believe that it was applicable.

The People argue that the judge was correct since the change in the law related to a change in an element of the offense rather than the penalty. This position is one of pure semantics. Though endorsed by a majority of this court, it cannot survive analysis.

In the interest of clear thought, the first step is to discard the use of labels. In the instant case, this means setting aside the labels of Class A misdemeanor, Class 3 felony and Class 4 felony. That is to say, let us look to the thing itself, the facts of the case. Regardless of label, a rose is a rose.

On November 10, 1981, the defendant stole property valued at $179.98. The then applicable law permitted imposition of a determinate sentence with a range of two to five years. In 1982, however, when the defendant was tried and sentenced, the penalty for theft of property valued at $179.98 was imprisonment for any term less than one year, excepting, however, second offenders. Regardless of the amount of the theft, second offenders could receive a determinate sentence of imprisonment of from one to three years.

It is clear that for identical conduct, there is a material difference in exposure to sentencing under the old and the new law. Under the old law, the defendant was exposed to a maximum sentence of five years; under the new law, to three. Had he not been a second offender, the spread would have been substantially greater. In such case, the maximum exposure would have been imprisonment of something less than one year under the new law.

As previously noted, the law provides that a defendant is entitled to claim the benefits of changes in the law which mitigate penalties. Since it is clear that the penalty was mitigated for the described con-

duct, it should be equally clear that the defendant was entitled to elect sentencing under the new law. He was not afforded that right.

Though purely coincidental, however, the three-year sentence actually imposed in reliance on the old law would have been a permissible sentence under the new law. That is to say, the three-year sentence imposed does not exceed the three-year maximum sentence under the new law. In short, though the judge misapplied the law, his sentence fit within the applicable law.

Was reversible error committed? I think not in this particular case for three reasons. First, the actual sentence imposed was within a permissible range. Second, a three-year sentence for a theft second offender is not unreasonable. And third, it is clear that the judge wanted to impose more than a minimum sentence. The judge thought that the minimum penalty was two years yet he imposed a three-year sentence. Thus, the judge's misapprehension as to the law did not result in any actual prejudice to the defendant. Hence, the error is not reversible. Had the defendant not been a second offender, of course, the sentence would have to be reversed.

For the reasons stated, I specially concur with the result of the majority's affirmance but not with the rationale.