THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE PALMORE, Defendant-Appellant.

Second District No. 82—530

Opinion filed March 8, 1983.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

In an information filed on May 12, 1982, defendant Clarence Palmore was charged with theft by deception (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(b)(1)) in excess of $150 alleged to have involved the obtaining of $262.51 from the Illinois Department of Public Aid occurring on September 23, 1981. Following a jury trial, the defendant was found guilty on May 24, 1982. At the sentencing hearing held on June 18, 1982, the trial court rejected defendant's argument that he was entitled to be sentenced under the more lenient misdemeanor penalties for theft because of an amendment to the theft statute effective January 1, 1982, raising the value required for felony penalties to

$300. Defendant was then sentenced to six months in the Lake County jail and 30 months' probation.

The sole issue raised for our review is whether defendant should have been sentenced under the misdemeanor penalties which were applicable after the amendment to the theft statute which increased the value demarcation for felony penalties to $300.

On September 23, 1981, when the theft by deception of $262.51 from the Illinois Department of Public Aid occurred for which defendant was found guilty by the jury, section 16—1(e)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(3)) provided that theft exceeding $150 was a Class 3 felony. However, prior to defendant's trial and sentence, that section and section 16—1(e)(1) were amended, effective January 1, 1982, to provide that theft not exceeding $300 was a Class A misdemeanor, and theft exceeding $300, a Class 3 felony. Defendant contends that when a penalty provision has been amended, a defendant is entitled to elect to be sentenced under either the law in effect at the time of the commission of the offense or, if the punishment is mitigated by a new law in effect at the time of sentencing, under the new law. The State maintains that the legislative change raising the requisite amount which gives rise to a felony theft conviction (from $150 to $300) constitutes a substantive change in the offense itself, not a mere change in sentence, and that prosecution and sentence are properly for the offense in effect at the time of its commission.

■■ ■ Both parties agree that the statute which controls is section 4 of "An Act to revise the law in relation to the construction of the statutes," which provides as follows:

> No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication,

whether the repeal is in the act making any new provision upon the same subject or in any other act." (Ill. Rev. Stat. 1981, ch. 1, par. 1103.)

This statute has been interpreted to mean that if any penalty, forfeiture or punishment be mitigated by any provision of a new law, the provision may with the consent of the party affected be applied to any judgment pronounced after the new law takes effect. (*People v. Osborn* (1983), 111 Ill. App. 3d 1078; *People v. Jimerson* (1982), 111 Ill. App. 3d 82, 443 N.E.2d 794; *People v. Morgan* (1981), 93 Ill. App. 3d 12, 416 N.E.2d 740; see *People v. Zito* (1909), 237 Ill. 434, 439-40, 86 N.E. 1041.) However, there is authority which holds that under the terms of section 4 if an amendment changes the nature of the offense, the former law is not repealed as to offenses arising before the amendment takes effect, and prosecution and sentence under the law in effect at the time of the offense are permitted. *People v. Poll* (1979), 74 Ill. App. 3d 534, 393 N.E.2d 732, *aff'd in part, vacated in part on other grounds* (1980), 81 Ill. 2d 286, 408 N.E.2d 212; *People v. Gibson* (1976), 41 Ill. App. 3d 209, 354 N.E.2d 71.

Several recent appellate court decisions have addressed the question of the change in the theft statute or of a similar change in the criminal damage to property statute (Ill. Rev. Stat. 1981, ch. 38, par. 21—1), also effective January 1, 1982, which raised the amount of value of property damage to $300 in order to make the offense a felony. The most recent case from the Appellate Court, Third District, holds that the change in the criminal damage to property statute has resulted in a lesser penalty rather than in an element of the offense being altered. (*People v. Osborn* (1983), 111 Ill. App. 3d 1078; but see *People v. Jimerson* (1982), 111 Ill. App. 3d 82, 443 N.E.2d 794.) Thus, in *Osborn* the court determined the misdemeanor penalty, under the statute as amended, was applicable where the value of the property damaged was less than $300. However, the Appellate Court, Fourth District, has held, in a different factual context, that the amendment to the criminal damage to property statute which raised the threshold value of property damage from $150 to $300 needed to make the offense a felony, was not to be given retroactive application under section 4 where it would prevent a conviction for armed violence based on the underlying felony offense of criminal damage to property exceeding $150 as the statute provided at the time of the commission of the offense. *People v. Primmer* (1983), 111 Ill. App. 3d 1046.

In *Primmer*, the appellate court relied on *People v. Bilderback* (1956), 9 Ill. 2d 175, 137 N.E.2d 389, in concluding that section 4 did not operate to give retroactive application to the amendment, for to

do so would negate the prior law and prevent a conviction for armed violence which must be predicated upon the commission of a felony while armed with a dangerous weapon. We do not believe that the decisions in *Primmer* and *Osborn* conflict since retroactive application of the amendment in *Primmer* would operate to repeal the former law and prevent conviction of the offense charged in direct contradiction of the express terms of the first sentence of section 4. On the other hand, under the facts in *Osborn*, the amendment was held to affect only the punishment and was interpreted by that court, applying the second sentence in section 4, to be a change in the sentence rather than in the elements of the offense, and, therefore, with the consent of the defendant, the amendment could be applied to a judgment pronounced after the new law had taken effect. The amendment under the facts in *Osborn* did not have the effect of repealing the former law and preventing prosecution for the crime.

The offense of theft is set forth in the disjunctive in section 16—1, subsections (a) through (d). An element of each form of theft delineated therein is control over property. Property is defined in section 15—1 to mean "anything of value." To prove a violation of section 16—1(b)(1), the offense charged here, the prosecution must show that an accused knowingly obtained by deception control over the property of the owner with the intent to deprive the owner permanently of the use or benefit of the property. (*People v. Gordon* (1976), 64 Ill. 2d 166, 170, 355 N.E.2d 3; *People v. Mays* (1980), 80 Ill. App. 3d 340, 343, 399 N.E.2d 718.) It is only in subsection (e), which is the sentence provision of section 16—1, that theft of property not exceeding $300 is prescribed as a Class A misdemeanor, and if exceeding $300, a felony. See Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e).

It has been generally stated that when the place of punishment, and its duration, depend upon the value of the property stolen, that value is a material element of the offense which must be specifically found by the jury and incorporated in its verdict. (*People v. Harden* (1969), 42 Ill. 2d 301, 306, 247 N.E.2d 404.) Notwithstanding this authority, it also has been held that the allegation of the precise value is not essential to the sufficiency of the indictment if the indictment shows that a thing of value was stolen. (*People v. Whitlow* (1980), 86 Ill. App. 3d 858, 873, 411 N.E.2d 1354; *People v. Brouilette* (1968), 92 Ill. App. 2d 168, 236 N.E.2d 12; *People v. Kelly* (1965), 66 Ill. App. 2d 204, 210, 214 N.E.2d 290.) The particular value of the property relates only to the nature and extent of the penalty which may be imposed. (*People v. Brouilette.*) Recently, our supreme court has held that where a prior conviction for theft elevates the degree of the of-

fense from a misdemeanor to a felony, it is not necessary that the prior conviction be alleged in the information and proved at trial. (*People v. Hayes* (1981), 87 Ill. 2d 95, 98, 429 N.E.2d 490.) What was necessary in *Hayes* in order to invoke the enhanced penalty provision for a subsequent conviction was notice to the accused, an opportunity to refute the allegation of a prior conviction, and proof beyond a reasonable doubt of the prior conviction to the court. 87 Ill. 2d 95, 98, 429 N.E.2d 490.

While the issues raised in these cases relate to the sufficiency of the charge and the sufficiency of the evidence, we believe the cases also illustrate that the value demarcation and the prior theft conviction provision contained in the sentence subsection of the theft statute pertain to the punishment which can be imposed rather than to an essential element of the offense. See also *People v. Swinson* (1950), 406 Ill. 233, 236-37, 92 N.E.2d 758; *People v. Harwell* (1947), 398 Ill. 369, 372-73, 75 N.E.2d 889.

■ ■ We conclude that the amendment raising the value demarcation in order for the theft to be a felony has the effect of mitigating the punishment for theft, and under section 4 of "An Act to revise the law in relation to the construction of the statutes," the amendment may, by the consent of the defendant, be applied to his sentence which was pronounced after the new law took effect. *People v. Osborn* (1983), 111 Ill. App. 3d 1078.

In the case before us defendant, who was sentenced to 30 months probation and six months in jail, has requested only that we either vacate the probation sentence imposed and remand for imposition of a term of probation not to exceed one year, or that we reduce the sentence of probation to a term not in excess of one year. Pursuant to Supreme Court Rule 615(b) (87 Ill. 2d R. 615(b)), we reduce the term of probation to one year.

Affirmed as modified.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.