(No. 58156.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LORETTA A. JACKSON, Appellant.

*Opinion filed February 1, 1984.*

Robert Agostinelli, Deputy Defender, and Pamela A. Peters, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield and John A. Barra, State's Attorney, of Peoria (Michael B. Weinstein, Assistant Attorney General, of Chicago, and John X. Breslin and Kenneth A. Wilhelm, of the State's Attorneys Appellate Service Commission, of Ot-

tawa, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

The problem in this appeal, which also has been raised in a number of other cases in the appellate court, is whether, in the State's terms, the defendant was properly convicted of felony theft rather than misdemeanor theft, or, in the defendant's terms, whether she should have been sentenced for a Class A misdemeanor rather than a Class 3 felony.

Loretta Jackson was indicted for theft under section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1) for shoplifting clothing valued at $251.98. On August 25, 1981, the date of the alleged offense, section 16—1(e) provided:

"(e) Sentence.

(1) Theft of property, other than a firearm, not from the person and not exceeding $150 in value is a Class A misdemeanor. ***

(2) ***

(3) Theft of property from the person or exceeding $150 is a Class 3 felony." (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e).)

Effective January 1, 1982, sections 16—1(e)(1) and 16—1(e)(3) were amended, increasing the $150 amounts to $300. (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)). No other changes were made in section 16—1.

Prior to her bench trial in the circuit court of Peoria County, the defendant moved on January 7, 1982, to have the allegation that she stole property worth more than $150 stricken from the indictment, and for admonition as to sentencing alternatives under the statute as amended. The motion was denied, and defendant was convicted of theft and sentenced to 30 months' probation conditioned on serving 26 weekends in jail, a sentence permissible only for a felony conviction. Defendant appealed on the alternative grounds that her guilt was not proved beyond a reasonable

doubt and that the sentencing procedure was improper given the amendment to section 16—1 set forth above. The appellate court affirmed (112 Ill. App. 3d 908, 912), and we granted leave to appeal (87 Ill. 2d R. 315(a)). The reasonable doubt question has not been raised in this court.

Defendant argues that section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1103) requires that she be given the option of sentencing according to the new provision, under which she claims to be guilty only of a Class A misdemeanor rather than a Class 3 felony.

> "No new law shall be construed to repeal a former law *** as to any offense committed against the former law, or as to any act done, any *** punishment incurred *** or in any way whatever to affect any such offense or act so committed or done *** or punishment so incurred *** before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. *If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, by [sic] applied to any judgment pronounced after the new law takes effect.* This section shall extend to all repeals *** whether the repeal is in the act making any new provision upon the same subject or in any other act." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 1, par. 1103.

Defendant contends that the change in section 16—1 applied only to sentencing, *i.e.*, mitigation of punishment. The State argues that the change affects a substantive provision. According to the State, the value of the property taken is an element of the crime, and thus the effect of retroactive application would be to repeal the prior law, a result expressly forbidden by section 4. The State views "felony theft" and "misdemeanor theft" as separate offenses defined by the value of the property stolen, but we are not persuaded by that construction of the statute.

We believe the appellate court erred in holding that

value is an essential element of the offense of theft (112 Ill. App. 3d 908, 912). Section 16—1 defines only one offense of theft. Variations of the factual circumstances under which control over property of the owner is obtained are enumerated in sections 16—1(a) through (d). Value of property taken is mentioned only in subsection (e), titled "sentence," which applies to all of the variations. Value determines only whether the theft will be punished as a felony or as a misdemeanor. Value has nothing to do with the decision whether a theft has occurred.

The State relies on the broad language of *People v. Harden* (1969), 42 Ill. 2d 301, 306, for the proposition that value is a material element of the offense of theft. However, the issue in *Harden* was whether the jury must specifically find the value of the property taken. *Harden* held that such a finding was required, in order that the defendant could be properly sentenced. So far as *Harden* states that value is an element of the offense, it applies only within the sentencing context. As thus limited, *Harden* is consistent with our holding here.

Our appellate court has reached conflicting results on this issue. On facts similar to this one, *People v. Palmore* (1983), 113 Ill. App. 3d 926, 931, held that the amendment raising the value demarcation for theft has the effect of mitigating the punishment for theft, and therefore section 4 allows the new act to be applied to the defendant, with his consent. *People v. Osborn* (1983), 111 Ill. App. 3d 1078, 1085, held that a parallel change in demarcation of value in the criminal damage to property statute (Ill. Rev. Stat. 1981, ch. 38, par. 21—1(a)) altered only the penalty and not an element of the offense.

In other cases, the appellate court has refused to apply the statutory changes retroactively. In *People v. Primmer* (1983), 111 Ill. App. 3d 1046, the defendant was charged with armed violence based on criminal damage to property totalling more than $150 but less than $300. Since the

underlying offense supporting armed violence must be a felony (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2), sentencing under the amendment would have prevented conviction for armed violence. The court relied on *People v. Bilderback* (1956), 9 Ill. 2d 175. Although the *Bilderback* rationale applied to the *Primmer* facts, it does not control here. The defendant in *Bilderback* was convicted of assault with intent to commit a felony. In the interim before the indictment, the underlying offense of escape from the State prison farm was reduced from a felony to a misdemeanor. As in *Primmer*, but unlike the situation here, retroactive application of the amendment would have prevented conviction of the crime.

In *People v. Jimerson* (1982), 111 Ill. App. 3d 82, 86, the appellate court refused to apply the amendment to section 16—1 retroactively in a shoplifting situation analogous to this one. We find *Palmore* and *Osborn* to be more persuasive than *Jimerson*. The *Jimerson* court relied on cases in which retroactive application of a statutory amendment would have prevented conviction of the substantive offense. (*People v. Poll* (1979), 74 Ill. App. 3d 534, *aff'd in part and vacated on other grounds* (1980), 81 Ill. 2d 286; *People v. Gibson* (1976), 41 Ill. App. 3d 209.) In *Poll,* the defendant was charged with armed violence based on the misdemeanor of aggravated assault. Prior to trial, the armed-violence statute was amended so that offense could no longer be based upon a misdemeanor. In *Gibson,* the defendant was charged with involuntary manslaughter, but while his appeal was pending, the provisions governing involuntary manslaughter and reckless homicide were amended. Under the new provisions, the defendant's behavior would be reckless homicide. Unlike the case here, the amendments in both *Gibson* and *Poll* affected substantive elements of the offense charged.

Here, the amendment affects sentencing only. Even with retroactive application, the defendant here can still be

convicted of theft. For that reason, we vacate the sentence and remand to the circuit court of Peoria County for sentencing consistent with this opinion.

*Judgments affirmed in part and vacated in part; cause remanded.*