(No. 40137.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ANTHONY OWENS, Appellant.

*Opinion filed March 29, 1967.*

WARD, J., took no part.

SAM ADAM, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and JAMES B. ZAGEL, Assistant State's Attorneys, of
counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

In a bench trial in the circuit court of Cook County
the defendant, Anthony Owens, was convicted of unlawful
use of a weapon and sentenced to imprisonment from one
year to a year and a day in the penitentiary. In this direct
appeal he contends the inclusion in his indictment of an
allegation of a prior felony conviction deprived him of a fair
trial and violated due process guarantees of the State and
Federal constitutions.

The indictment contains two counts. The first alleges

the unlawful use of a weapon and the second contains the same allegation, with an added charge that defendant had been convicted of a robbery within the preceding five years. At defendant's trial it was stipulated that he had been convicted of the robbery set forth in the second count. Defendant now argues that he was deprived of a fair trial because the trier of fact was informed of his prior conviction.

In *People* v. *Ostrand,* 35 Ill.2d 520, we considered the identical issue presented here. We held that, since unlawful use of a weapon is a misdemeanor if there has been no felony conviction within five years and a felony if there has been one, "it was not only proper to allow the allegation * * * of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon." (p. 529.)

While *Ostrand* would seem to wholly dispose of this case, defendant's sole argument here centers on his request that we should postpone our decision until the United States Supreme Court has decided three recently accepted cases, *Spencer* v. *State,* 389 S.W.2d 304 (Tex.), *cert.* granted 382 U.S. 1022, 15 L. Ed. 2d 537; *Bell* v. *State,* 389 S.W.2d 411 (Tex.), *cert.* granted 382 U.S. 1023, 15 L. Ed. 2d 538; *Reed* v. *Beto* (5th cir.), 343 F.2d 723, *cert.* granted 382 U.S. 1025, 15 L. Ed. 2d 539, which involve disclosure of past offenses. *Bell* and *Reed* concern a Texas statute which provides for enhanced sentences in cases involving second felony convictions and *Spencer* involves a Texas statute which fixes life imprisonment as the minimum sentence after conviction of a second capital offense. In each case the indictment, which was read to the jury, contained an allegation of a prior offense, and the court rejected the defendant's argument that this inclusion violated his constitutional rights. It is not necessary, however, to withhold our opinion herein, for the Supreme Court in recent weeks announced opinions affirming all three judgments, (*Spencer* v. *Texas,* 385 U.S. 554, 17 L. Ed. 2d 606, 35 Law Week

4164), thereby obviating any doubt as to the validity of our *Ostrand* decision.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.