THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL STAPLETON, Defendant-Appellant.

Third District   No. 82—468

Opinion filed June 30, 1983.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita

Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Following a jury trial in the circuit court of Peoria County, the defendant, Michael Stapleton, was convicted of attempt (murder) and the felony offense of unlawful use of weapons. He was sentenced to concurrent terms of 27 years of imprisonment on the attempt (murder) conviction and four years on unlawful use of weapons (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4(a), 9—1(a), 24—1(a)(10)(b)). Prior to trial defendant filed a motion to sever the charges, alleging that he would be prejudiced on the attempt murder because the jury would be informed that the unlawful use of weapons charge was based in part on the defendant's recent release from penitentiary on a felony conviction. The parties stipulated, with the acquiescence of the court, that the State would not inform the jury of the wording of the unlawful use of weapons charge, and the defendant withdrew his motion to sever.

The indictment charging the defendant with the Class 3 felony offense of unlawful use of weapons specified the three elements of that offense: (1) that the defendant knowingly carried a loaded revolver on or about his person within the corporate limits of a city; (2) that when he did so, the defendant was not on his land, in his abode, or in his fixed place of business; and (3) that the defendant had previously been convicted of a felony and had been released from a penitentiary within five years. The jury was not informed of, instructed on, or requested to reach a determination on the third element by stipulation of the parties. In the absence of a finding that a defendant has been released from the penitentiary within five years, the defendant can be sentenced under section 24—1(a)(10) only for a Class A misdemeanor. (Ill. Rev. Stat. 1981, ch. 38, par. 24—1(a)(10)(b).) The defendant contends on appeal that his felony conviction for unlawful use of weapons must be reduced to a misdemeanor and remanded for resentencing since the jury made no finding on the element of the defendant's prior felony conviction or his release from the penitentiary. The State argues that the defendant has waived any error in the lower court proceeding by entering into the stipulation and his withdrawal of the motion to sever. In addition, the State contends that the defendant was not prejudiced by the proceeding.

The petitioner offers for our consideration the body of case law which clearly establishes that proof of the defendant's prior conviction

and proof of his release from incarceration within five years of the instant offense are necessary to a conviction of the felonious unlawful use of a weapon. (*People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499; *People v. Owens* (1967), 37 Ill. 2d 131, 225 N.E.2d 15; *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 498; *People ex rel. Carey v. Pincham* (1979), 76 Ill. 2d 478, 394 N.E.2d 1043; *People v. Crawford* (1978), 59 Ill. App. 3d 211, 375 N.E.2d 1314.) In *Crawford,* the court squarely held that where proof before the jury established only possession of a weapon, the conviction for the felonious unlawful use of a weapon could not stand despite a stipulation out of the presence of the jury as to the defendant's prior conviction and incarceration. The *Crawford* court then affirmed the defendant's conviction for the less serious misdemeanor charge of the unlawful use of a weapon and remanded for imposition of a proper misdemeanor sentence. It should be specially noted that *Crawford* is a 1978 appellate opinion.

About one year later, the Illinois Supreme Court in *Pincham* was offered an opportunity to review the same general subject matter. In *Pincham* the defendant was charged in one count with unlawful use of weapons, and in a second count with unlawful use of weapons based upon possession within five years following release from the penitentiary on a felony charge. Counsel for the defendant objected to the jury being informed as to the defendant's prior conviction and incarceration and to the admission of any evidence on these matters. Counsel *offered* to stipulate to the prior conviction and the release from the penitentiary within five years. The trial judge ordered a bifurcated trial to first determine whether the defendant possessed the gun, and the State moved to prohibit the bifurcation. The court approving *Crawford* observed that an offered stipulation is insufficient to sustain a felony conviction, and that proof of the prior conviction is necessary to a conviction on the felony charge. The court held that the bifurcation order of the circuit court of Cook County deprived the State of the right to seek a felony conviction, and that the trial court was not so authorized.

However, we must consider the recent supreme court decision in *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490. In *Hayes,* the defendant was convicted of retail theft of less than $150 following a bench trial in the circuit court of Effingham County. The information, which contained three instances of retail theft of less than $150, contained no allegations of a prior conviction of retail theft and did not state whether the offense charged was a misdemeanor or a felony. Upon the defendant's first appearance before the circuit court, she was advised that the State was seeking a Class 4 felony conviction.

The defendant's prior conviction of retail theft was stipulated to at trial, and she was then convicted of felony theft. The appellate court reversed the defendant's conviction upon the authority of *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496. Justice Goldenhersh writing for the supreme court in *Hayes* said, "The sole issue presented *** [was] whether *** it was necessary to allege in the information" that the offense was a second retail theft. (87 Ill. 2d 95, 97.) The supreme court reversed the appellate court and affirmed the defendant's conviction. The supreme court held that merely because the prior conviction elevates the degree of the offense from a misdemeanor to a felony, it need not be alleged in the information and proved at the risk of prejudice to the accused. The court said, "Indeed, in the Habitual Criminal Act (Ill. Rev. Stat. 1979, ch. 38, par. 33B—1 *et seq.*) allegation and proof of prior convictions are proscribed until after conviction" (87 Ill. 2d 95, 97) and held that "in order to invoke the provisions of section 16A—10(2) *the sentencing court* must find beyond a reasonable doubt, after notice to the accused and an opportunity to refute the allegation, that the accused was in fact convicted of a prior offense of retail theft and that the record supports that finding." (87 Ill. 2d 95, 98, 429 N.E.2d 490, 493.) The court further reasoned that the "defendant was advised at her first appearance before the court that the People sought to invoke the felony provisions of the statute. The prior conviction was stipulated and the defendant has shown no prejudice as a result of the failure to allege the prior conviction in the information." The judgment of the circuit court was thus affirmed.

■ We believe a broad interpretation of the *Hayes* case approves the procedure followed in the case at bar, and we are prepared to apply such an interpretation. Though differing from the instant case in that the fact finder in *Hayes* was the trial judge, as the sentencing judge he was apprised of the defendant's conviction by stipulation at trial. Here also the sentencing judge was apprised of the defendant's conviction by stipulation at trial, and though neither *Ostrand* nor *Owens* was specifically overruled by *Hayes*, we believe the supreme court placed such emphasis in *Hayes* upon notice, lack of prejudice, and advantage to the accused, as well as specific knowledge in the sentencing judge, as to guide us in this and future opinions. Judicial economy thereby is served, and a lack of prejudice to the accused is obvious.

■ As his second issue on appeal, the defendant contends that his 27-year sentence for attempt (murder) was excessive. He also argues that the reduction of his felony unlawful use of weapons convic-

tion to a misdemeanor requires a new sentencing hearing for the attempt (murder) conviction since the trial judge may have been influenced by the felony conviction in imposing sentence for the attempt (murder) conviction. We reject both of the defendant's arguments and affirm the defendant's 27-year sentence for attempt (murder).

■ That the trial court was influenced by the fact that he was convicted of felony unlawful use of weapons is moot, and the record reveals that the trial judge was aware of the defendant's three prior felony convictions and one prior misdemeanor conviction, and that the instant offenses occurred while the defendant was on parole. In addition, the judge noted that the defendant was carrying two guns and that he shot at a police officer. Sentencing is a matter left largely to the discretion of the trial court (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Where, as here, the record reveals no abuse of that discretion, we will not disturb the sentence imposed by the lower court.

The judgment of the circuit court of Peoria County for attempt (murder) is affirmed. The defendant's conviction for the felony offense of the unlawful use of weapons is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.