THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HERMAN E. PRICE, Defendant-Appellant.

First District (3rd Division)   No. 83—1792

Opinion filed August 15, 1984.

James J. Doherty, Public Defender, of Chicago (Jeffrey M. Howard and
Frank P. Madea, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat,

Jeanette Sublett, and David A. Izzo, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a jury trial, defendant was convicted of retail theft (Ill. Rev. Stat. 1981, ch. 38, pars. 16A–3(a), 16A–10(2)). Subsequently, he was sentenced to a term of three years' incarceration. On appeal, the issue is whether, in order to obtain the enhanced penalty contained in section 16A–10(2), the State, in presenting its case to the trier of fact, must prove that the alleged offense was a second or subsequent offense of retail theft.

A summary of the evidence presented at trial is as follows: On November 12, 1982, two security officers employed at Carson Pirie Scott & Company, located at One South State Street in Chicago, observed defendant place certain merchandise from a cosmetic counter into a bag he carried. Upon stopping defendant, they searched the bag and recovered several bottles of cologne valued at $68.

The trial court relied upon *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, in reaching its decision to allow the State to present evidence regarding defendant's prior conviction for retail theft during the sentencing hearing instead of during trial proceedings as defendant requested. During trial proceedings and in his brief, defendant rejected *People v. Hayes* and maintained that the line of opinions more recently evidenced by *People v. Palmer* (1983), 120 Ill. App. 3d 707, 458 N.E.2d 1044, *appeal allowed* (1984), 99 Ill. 2d 533, should be followed. While both cases involve the question of whether evidence of a defendant's prior felony conviction should be presented before the trier of fact or sentencing judge, we believe that defendant's reliance on *People v. Palmer* is misplaced.

In *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, defendant was convicted of retail theft of less than $150 after a bench trial. The information, in three counts, charged three separate instances of retail theft, but did not state whether the offense charged was a misdemeanor or a felony. When defendant first appeared before the trial court, she was advised that the State would seek a felony conviction. Also, during trial proceedings a stipulation was entered regarding her prior conviction.

The question presented for review in *Hayes* was whether, in order to invoke the felony provisions of section 16A–10(2) of the Criminal Code of 1961, it was necessary to allege in the information that the offense was a second or subsequent offense of retail theft and to prove such matter during the trial. *People v. Hayes* held that in order to in-

voke the provisions of the enhanced penalty statute, the trial court at sentencing must find beyond a reasonable doubt, after notice to defendant and an opportunity to refute the allegations, that defendant was in fact convicted of a prior offense of retail theft and that the record supports that finding.

*People v. Palmer* (1983), 120 Ill. App. 3d 707, 458 N.E.2d 1044, involved consolidated cases in which defendants were charged with unlawful use of weapons within five years of a prior felony conviction. (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a), 24—1(b).) There, the appellate court held that evidence of defendant's prior convictions must be proved before the jury as an element of the felony offense of unlawful use of weapons.

*People v. Palmer* (1983), 120 Ill. App. 3d 707, 458 N.E.2d 1044, is distinguishable from *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, in that an accused's prior conviction for theft is not an element of an offense which must be included in the charging instrument. (*People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362.) The fact that an accused has a prior conviction for retail theft and is again charged with that offense affects sentencing, not whether he is guilty of theft, and the prior conviction need not be proved before the trier of fact but need only be presented during the sentencing hearing.

In the instant matter, it is uncontested that prior to trial and at the commencement of proceedings when the State requested 10 peremptory challenges, defendant was advised of the State's intent to seek a Class 4 felony sentence against him upon conviction. Once defendant's guilt was determined by the jury, the State again manifested its intent to proceed against defendant pursuant to the felony provisions of section 16A—10(2) of the Criminal Code of 1961. During the sentencing hearing, a stipulation was entered regarding defendant's prior conviction for retail theft. While defendant maintains that the State was required to prove his prior conviction for theft before the jury, we cannot agree. To do as defendant argues would clearly subject an accused to the risk of prejudice. We cannot conclude that the procedures followed by the trial court to invoke the provisions of section 16A—10(2) were improper. See *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490.

Accordingly, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Judgment affirmed.

RIZZI, P.J., and WHITE, J., concur.