THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW W. FLATT, Defendant-Appellant.

Third District   No. 3—84—0775

Opinion filed September 20, 1985.

HEIPLE, P.J., specially concurring.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Raymond L. Beck, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant Andrew Flatt was indicted for burglary and felony theft under $300. A jury only convicted him of theft. He was sentenced to 2½ years in the penitentiary. He appeals, claiming that his conviction should be reduced to a misdemeanor. We affirm.

Defendant had been previously convicted of theft. This formed the basis of the felony enhancement. The parties and the court agreed that to inform the jury of defendant's prior conviction would be too prejudicial. Thus, the jury never heard of his earlier conviction. Defendant did, however, admit to the conviction at the sentencing hearing.

Defendant argues that his conviction should be reduced to a misdemeanor, as the prior conviction was not proved to the jury. Therefore, he argues, he was not proved guilty of felony theft under $300 beyond a reasonable doubt.

Our first analysis requires us to examine the theft statute. The present case alleged a violation of section 16—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)). Subsections (b) through (d) further enumerate the means by which a person can commit theft.

The sentencing provision of the theft statute is contained in subsection (e). There, a theft is classified either a misdemeanor or a felony. A theft is felonious if the item taken is a firearm or exceeds $300 in value, or if the defendant has a prior conviction for theft or retail theft.

Defendant suggests that the provisions of the sentencing subsection are essential elements of the crime of theft. We find this proposition to be contrary to the clear meaning of the statute. Defendant primarily relies on the recent supreme court holding in *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795. *Palmer* involved an unlawful use of weapons (UUW) conviction. The majority in *Palmer* held that in a felony enhancement of UUW, the prior conviction must be proved to the trier of fact at the trial on the merits.

Defendant, attempting to analogize *Palmer*, points to the similar wording that the UUW provision examined in *Palmer* has with the

theft statute. (We note that prior to trial in this case, a new enactment of the UUW statute created section 24—1.1, UUW by a felon. This new section makes the prior conviction an essential element of the crime.) Defendant would have us, based on *Palmer*, ignore recent precedent that is contrary to his position.

If this were a UUW case, *Palmer* certainly would control. However, two recent decisions regarding the felony enhancement provisions of the theft statute are more compelling. The supreme court examined the value-enhancement proviso in *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362. *Jackson* held that the value of the item taken was not an essential element of the crime. (99 Ill. 2d 476, 479.) The court stated that subsections (a) through (d) list the circumstances under which theft can be committed.

"Value of property taken is mentioned only in subsection (e), titled 'sentence,' which applies to all of the variations. Value determines only whether the theft will be punished as a felony or as a misdemeanor. Value has nothing to do with the decision whether a theft has occurred." 99 Ill. 2d 476, 479.

The First District examined the similar sentencing provision found in the retail theft statute. In doing so, that court found that the prior conviction of theft or retail theft needed to enhance the crime did not have to be proved during trial. (*People v. Price* (1984), 127 Ill. App. 3d 1, 468 N.E.2d 412.) As in *Jackson*, *Price* held that the prior conviction affects only sentencing, not whether the defendant is guilty of theft. 127 Ill. App. 3d 1, 3.

We further note, as did the First District, that great prejudice would fall on the defendant if the State was required to show to the jury that the defendant sitting before them had previously been convicted of the same crime with which he is charged. This prejudice would be unnecessary as the phrasing and the clear meaning of the statute do not require the State to prove the prior conviction to the trier of fact. The prior conviction only has to be shown to the sentencing judge.

Therefore, the judgment of the circuit court of Peoria County is hereby affirmed.

Affirmed.

BARRY, J., concurs.

PRESIDING JUSTICE HEIPLE, specially concurring:
I concur with the affirmance of defendant's conviction based on

our holding in *People v. Stapleton* (1983), 115 Ill. App. 3d 1067, 451 N.E.2d 5841. However, the majority relies on cases that are distinguishable and distinguishes a case which is directly on point in arriving at its conclusions here.

The most recent discussion of this sort of issue is found in *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795. The majority would distinguish *Palmer* because it interprets the unlawful use of weapons statute as opposed to the theft statute. I submit that this is too narrow a reading. *Palmer* traces the history of numerous cases involving various procedural aspects of the enhancement-by-prior-felony provision. The one decision the court confronted directly was *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490. *Hayes* ostensibly held that a prior theft conviction was not an element of the offense of felony theft. Were *Hayes* the latest pronouncement of the court, I would have no choice but to concur. *Palmer*, however, explicitly disclaimed this holding as *dicta* (*People v. Palmer* (1984), 104 Ill. 2d 340, 348). Instead, it was reaffirmed that a prior conviction used to enhance an offense from a misdemeanor to a felony is an element of the enhanced offense which must be proved beyond a reasonable doubt to the trier of fact. Hence, given the willingness of the court to blend together felony theft and unlawful-use-of weapons principles, the reluctance of the majority to do so is misguided.

The cases relied on by the majority are not persuasive. *People v. Price* (1984), 127 Ill. App. 3d 1, 468 N.E.2d 412, relied in principal part on *Hayes*. This can be excused as an accident of chronology, since the *Price* court did not have the benefit of the Supreme Court version of *Palmer*. *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, is also of little value. The *Jackson* court was confronted with the question of whether to apply "An Act *** in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1103) to the increase of the value limits defining misdemeanor and felony theft. As part of its inquiry, the court sought to determine whether value was "an *essential* element of the offense." If such were the case, defendant would not have the option of being sentenced under the amended statute with its higher value limits. The court concluded that value, mentioned, as here, only in the sentencing subsection of the theft statute, was not an essential element of the offense.

Taken literally, *Jackson* would seem to support the majority position in the instant case. However, a deeper analysis reveals the distinction. The *Jackson* court was concerned with cases holding that where substantive elements of the offense charged have been changed, no election for a lesser sentence can be made (*People v. Gib-*

*son* (1976), 41 Ill. App. 3d 209, 354 N.E.2d 71). It held that an amendment to the value limits did not affect the substantive elements of a theft. But that is not to say that the State need not prove to the trier of fact that the property stolen is worth over $300, for indeed it must. (*People v. Harden* (1969), 42 Ill. 2d 301, 247 N.E.2d 404.) Hence, it emerges that it is possible for something to be an element of an offense for some purposes but not others. Factors related to the classification of the severity of a theft are elements of the offense in the sense that a defendant has the right to force the State to produce proof beyond a reasonable doubt to the trier of fact that these factors are present. On the other hand, these factors do not affect the definitional elements of a theft as set forth in the statute. Thus, when the legislature tinkers with these factors for whatever reason, it does not create a new or different offense so as to afford the defendant the benefits of a mitigated penalty. That is all that *Jackson* holds. *Jackson* does not disclaim *Harden*, nor should it.