THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HOWARD THOMAS RICE, Defendant-Appellant.
Fourth District   No. 4—85—0233

Opinion filed October 10, 1985.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

At a bench trial in the circuit court of Macon County, defendant was found guilty of misdemeanor retail theft (Ill. Rev. Stat. 1983, ch. 38, par. 16A–3). Following a sentencing hearing at which the State proved that defendant had previously been convicted of retail theft, the court convicted defendant of felony retail theft (Ill. Rev. Stat. 1983, ch. 38, par. 16A–10(2)) and sentenced defendant to a 12-month term of probation on the condition that he serve a 20-day period of incarceration. Although the prior conviction had been alleged in the information and admitted during trial, its admission was for the limited purpose of impeaching the defendant.

On appeal, defendant argues that the State's failure to prove his prior conviction prior to the trial court's finding of guilt precludes enhancement of misdemeanor retail theft to felony retail theft. Although we are inclined to agree with defendant, we affirm the judgment of the trial court for the reason that defendant has failed to properly preserve this issue for review.

Nonjurisdictional issues may not normally be argued on appeal unless first raised and preserved in the trial court. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Failure to challenge the sufficiency of the evidence at the trial level normally acts as a waiver of the issue on appeal. (See *People v. Edwards* (1982), 106 Ill. App. 3d 918, 436 N.E.2d 727.) As discussed later, the State was re-

quired to prove the defendant's prior conviction for retail theft in order to secure a conviction for felony retail theft. Although defendant moved for a directed verdict at the close of the State's evidence, defendant failed to argue that the State's evidence was insufficient due to lack of proof of the prior conviction. At the close of the trial, defendant failed to object to the State's request to postpone judgment until the sentencing hearing so that the State could prove the prior retail theft conviction at that time. During the sentencing hearing, defendant did not object to the admission of the prior conviction for purposes of proving felony retail theft. In fact, the defense attorney stated that there was no objection to the court entering judgment on the conviction. In light of defendant's knowledge that the State intended to prove the prior theft in order to secure a conviction for felony retail theft as alleged in the information, fairness requires application of the waiver rule in the instant case. Therefore, defendant's failure to raise the sufficiency of the evidence at the trial level acts as a waiver of the issue on appeal.

Because of an apparent conflict in authority, discussed below, we briefly address defendant's argument. Recently the Illinois Supreme Court held that in order to secure a felony conviction for unlawful use of weapons, the State must prove, prior to a finding of guilt or innocence, not only that defendant has committed misdemeanor unlawful use of weapons but also that defendant has received a prior felony conviction. (*People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795.) In *Palmer*, the court severely limited the impact of its earlier statement in *People v. Hayes* (1981), 87 Ill. 2d 95, 98, 429 N.E.2d 490, 491-92, that in order to secure a felony conviction for retail theft "the sentencing court must find beyond a reasonable doubt *** that the accused was in fact convicted of a prior offense of retail theft." (See also *People v. Stanley* (1983), 116 Ill. App. 3d 532, 452 N.E.2d 105 (noting that *Hayes* supports a holding that a prior conviction is not a necessary element of felony theft but, instead, only a factor to be considered in sentencing).) The *Palmer* court noted that the above statement was mere *dictum* and that *Hayes* held only that a felony conviction for retail theft may be sustained despite the State's failure to allege the prior conviction in the information. *Palmer* indicates that when a prior conviction changes the nature of an offense from a misdemeanor to a felony, rather than enhances a sentence, proof of the prior conviction is a required element of the State's case and must be proved prior to a finding of guilt or innocence. Therefore, in order to secure a felony conviction for retail theft, the State must prove a prior retail theft conviction prior to a finding of guilt or innocence.

We have been made aware by way of supplemental authority of a recent decision of the Appellate Court for the Third District in *People v. Flatt* (1985), 136 Ill. App. 3d 881. As with the concurring justice in that case, we believe that it represents too narrow a reading of *Palmer*. However, we also believe that *Palmer* overruled *sub silentio People v. Stapleton* (1983), 115 Ill. App. 3d 1067, 451 N.E.2d 584, relied upon for the special concurrence in *Flatt*, as well as any other authority holding that prior theft is a matter of sentencing only.

Because defendant failed to properly preserve the issue raised on this appeal by raising it at the trial court level, we affirm the judgment of the circuit court of Macon County.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.