THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE HALL, JR., Defendant-Appellant.

Fifth District   No. 5—85—0618

Opinion filed July 25, 1986.

Randy E. Blue and Patricia M. Sarter, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Defendant, Jesse Hall, Jr., was convicted following a jury trial of the offense of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)) and sentenced to a term of two years' imprisonment in the Department of Corrections. The indictment against the defendant alleged that the defendant had committed the theft of Polaroid film, having a value of

less than $300, from K-Mart, Inc., and that the defendant had been convicted of a prior theft in Missouri less than four months earlier. Evidence concerning this prior theft was excluded from trial pursuant to the defendant's motion *in limine* but was later introduced by the State upon sentencing to enhance the theft conviction to a Class 4 felony (See Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(1)). On appeal the defendant contends that he was not proved guilty of felony theft because of the State's failure to introduce evidence of the prior theft conviction at trial. In addition, the defendant contends that the State's proof of the prior conviction at the sentencing hearing failed to show beyond a reasonable doubt that he was the same person who had been convicted of the prior offense. The defendant contends finally that the use of a Missouri conviction to enhance his theft conviction to a felony was improper under section 16—1(e)(1). We affirm.

The indictment in the instant case alleged that the defendant, on April 27, 1985, committed the offense of theft in St. Clair County, Illinois, and that the defendant had previously been convicted of theft under the Missouri Revised Statutes on January 8, 1985. Prior to trial the defendant filed a *pro se* motion complaining that the allegation of the prior conviction in the indictment was prejudicial and should not be presented to the jury. Subsequently, the defense counsel filed a motion *in limine* seeking "to limit the State from introducing any and all evidence regarding ***:

    1. Any and all prior convictions of the defendant.

    2. Any and all alleged acts of criminal conduct that [were] not alleged in the actual indictment *** being tried.

    3. Any mention of any prior criminal activity which, would severely prejudice the defendant in the eyes of the jury."

At hearing on the motion *in limine* the defendant, by his counsel, argued that all of the defendant's prior convictions should be excluded from trial. The defendant additionally requested that no conviction be used by the State to attack the defendant's credibility "without proof beyond a reasonable doubt that this is the defendant that was convicted." The trial court granted the defendant's motion to exclude evidence of the defendant's prior convictions, with the exception of one conviction that was not theft-related, which the court ruled could be used for impeachment purposes if the defendant chose to testify on his own behalf.

Following trial before a jury, the defendant was found guilty of theft. The defendant filed a post-trial motion in which he argued that the State had failed to prove that he had a prior theft conviction. The trial court noted the defendant's previous argument to exclude such

evidence of prior convictions because it would prejudice him before the jury. The court ruled that evidence of the prior convictions would be properly introduced at the sentencing hearing and denied the defendant's motion for a new trial.

At sentencing the State introduced certified copies of the defendant's prior convictions bearing the same name as the defendant. Patrick Watkins, the presentence investigator who had conducted the investigation of the defendant, testified that he had obtained the defendant's fingerprints from the St. Clair County sheriff's department and, after the request to the F.B.I., had received information matching the fingerprints with those of the defendant in the cases described in the certified copies. The State introduced evidence of two prior theft convictions of the defendant in the State of Missouri, and, on the basis of these convictions, the court sentenced the defendant to a term of two years' imprisonment for a Class 4 felony.

On appeal from his conviction and sentence the defendant contends initially that since no evidence of a prior theft conviction was presented to the jury at trial, the State failed to prove him guilty beyond a reasonable doubt. The State counters that the defendant is estopped from making such an argument on appeal because of his pretrial motion to exclude evidence of prior convictions at trial and that, in any event, it was proper to introduce evidence of the defendant's prior conviction at the sentencing hearing.

The issue of whether proof of a prior conviction used to enhance a misdemeanor offense to a felony must be introduced at trial or at the sentencing hearing has been the subject of some confusion following the supreme court's decisions in *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, and *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795. While in *People v. Hayes* the supreme court ruled that proof of a prior conviction for the purpose of enhancing a misdemeanor retail theft offense to a felony was a matter for the sentencing court, in *People v. Palmer* the court held, in the context of an unlawful-weapons charge, that it was necessary to allege and prove the prior conviction at trial in order to establish the felony offense of unlawful use of weapons. As stated in *People v. Rice* (1985), 137 Ill. App. 3d 285, 287, 484 N.E.2d 514, 515, a case involving a retail-theft offense,

> "*Palmer* indicates that when a prior conviction changes the nature of an offense from a misdemeanor to a felony, rather than enhances a sentence, proof of the prior conviction is a required element of the State's case and must be proved prior to a finding of guilt or innocence. Therefore, in order to secure a

felony conviction for retail theft, the State must prove a prior retail theft conviction prior to a finding of guilt or innocence."

Other appellate court decisions after *Palmer*, however, have distinguished *Palmer* as inapplicable to the offense of retail theft, holding under *Hayes*, that a prior retail-theft conviction was properly introduced at sentencing to enhance misdemeanor retail theft to a felony. (See *People v. Vaughn* (1985), 136 Ill. App. 3d 342, 483 N.E.2d 417; *People v. Flatt* (1985), 136 Ill. App. 3d 881, 483 N.E.2d 1304; see also *People v. Davis* (1985), 140 Ill. App. 3d 265, 488 N.E.2d 554.) Courts upholding convictions for felony retail theft on the basis of a prior conviction proved at sentencing have, additionally, noted the prejudice resulting to the accused if proof of the prior conviction is required at trial. (*People v. Roberts* (1985), 136 Ill. App. 3d 863, 483 N.E.2d 1328; *People v. Flatt* (1985), 136 Ill. App. 3d 881, 483 N.E.2d 1304; *People v. Price* (1984), 127 Ill. App. 3d 1, 468 N.E.2d 412.) Finally, courts have refused to reverse felony-theft convictions for failure to prove a prior theft conviction at trial where the defendant has agreed prior to trial that it would be too prejudicial to present such evidence to the jury but then has sought to overturn his conviction for lack of such proof. *People v. Roberts* (1985), 136 Ill. App. 3d 863, 483 N.E.2d 1328; *People v. Flatt* (1985), 136 Ill. App. 3d 881, 483 N.E.2d 1304; see also *People v. Rice* (1985), 137 Ill. App. 3d 285, 484 N.E.2d 514 (court found waiver of issue of failure to prove prior conviction at trial where defendant did not raise issue in motion for directed verdict and acquiesced in State's procedure of proving the prior conviction at sentencing).

In the instant case we find likewise, that the defendant has agreed to and, indeed, has invited any error resulting from the State's failure to prove the prior conviction at trial so as to be estopped from raising such an issue on appeal. It is well established that a defendant cannot complain of error which was acquiesced in or invited by him or his counsel. (*People v. Davis* (1985), 140 Ill. App. 3d 265, 488 N.E.2d 554; *People v. Benka* (1983), 117 Ill. App. 3d 221, 453 N.E.2d 71.) The defendant, by his pretrial motion *in limine*, sought to exclude all evidence regarding "any and all prior convictions of the defendant," arguing in his *pro se* motion that the allegation of the prior conviction contained in the indictment was prejudicial and should not be presented to the jury. The defendant did not alter his request at the hearing on the motion *in limine* but merely sought to require further that any convictions used by the State to attack his credibility be proved beyond a reasonable doubt. The defendant should not be allowed, as here, to invite the court's ruling excluding any evi-

dence of prior convictions and then assert this ruling as error following trial. We, therefore, find that the defendant is estopped from raising this issue on appeal and reject his contention of error.

■ The defendant argues further that the State's proof of the defendant's prior convictions at sentencing failed to show beyond a reasonable doubt that he was the same person who had been convicted of the prior offenses. The State here introduced certified copies of prior convictions bearing the same name as the defendant. As set forth by the State, it is now the rule under *People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353, that identity of names between the defendant and the person named in certified records of prior convictions gives rise to a rebuttable presumption of identity of the person. Thus, the defendant must not only make an objection but must also introduce some evidence to rebut the presumption. *People v. Stanley* (1983), 116 Ill. App. 3d 532, 452 N.E.2d 105.

■ In the instant case a rebuttable presumption arose upon introduction of the certified copies of prior convictions that the identity of the defendant and the person named in the documents were the same. While defense counsel did make an objection, the defendant did not testify and did not offer any evidence to rebut the presumption. The State additionally presented testimony of the presentence investigator who had obtained the defendant's fingerprints from the St. Clair County sheriff's department and, after a request to the F.B.I., had received information matching the fingerprints with those of the defendant's in the cases described in the certified copies. On this record we find that the defendant's identity as the person named in the certified copies of prior convictions was proved beyond a reasonable doubt.

While the defendant asserts that the rebuttable presumption of *Davis* and *Stanley* is applicable only to proof of prior convictions at sentencing and may not be applied here where the defendant's prior conviction was an element of the offense to be proved at trial, the defendant, as previously discussed, is estopped from making such an argument on appeal since he has invited any error resulting from the State's failure to prove the prior convictions at trial. Similarly, the defendant may not object to the alleged hearsay testimony of the presentence investigator, which was properly introduced at sentencing at which strict evidentiary rules did not apply. (See *People v. Dennis* (1970), 47 Ill. 2d 120, 265 N.E.2d 385.) We, therefore, find no merit in the defendant's contention of error regarding proof of the prior convictions.

■■ The defendant contends finally that the use of a Missouri

conviction to enhance his theft conviction to a felony was improper under section 16—1(e)(1). That section provides, in pertinent part:

"(e) Sentence.

(1) Theft of property *** not from the person and not exceeding $300 in value is a Class A misdemeanor. A second or subsequent offense after a conviction of *any type of theft,* including retail theft *** is a Class 4 felony." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(1).)

The defendant contends, despite the broad language of the statute referring to "any type of theft," that the statute was intended to apply to Illinois convictions only. The defendant relies upon *People v. Rogers* (1980), 86 Ill. App. 3d 1092, 408 N.E.2d 769, in which the court found that a prior municipal-ordinance violation did not constitute an "offense" as defined in sections 2—12 and 2—22 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 2—12, 2—22) so that the theft conviction at issue was not a "second or subsequent offense" within the meaning of section 16—1(e)(1). The defendant argues similarly that the Missouri conviction did not constitute an "offense," defined in section 2—12 as "a violation of any statute of the State," so that the present conviction was not a second or subsequent offense under section 16—1(e)(1).

We decline to adopt the reasoning of *Rogers* to prohibit the use of an out-of-State conviction for purposes of enhancement under section 16—1(e)(1). The plain language of the statute provides for enhancement after a conviction of "any type of theft" and does not limit the enhancement provision to only those situations involving prior Illinois convictions. (*Cf.* Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1) (extended-term statute limited to previous convictions in Illinois).) In construing a statute, a court seeks to determine and give effect to the intent of the legislature and, in so doing, must look to the plain language of the statute, the reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained. (*People v. Harden* (1986), 113 Ill. 2d 14.) The purpose of the statute here is to punish recidivists more severely (see *People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674), and we do not believe that the legislature intended to punish an individual whose prior criminal activity had been confined to this State more severely than one who has come into this jurisdiction bearing theft convictions from other States. (See *People v. Harden* (1986), 113 Ill. 2d 14.) The language and purpose of section 16—1(e)(1) require a conclusion that a prior out-of-State theft conviction may be used to enhance a misdemeanor theft conviction to a felony, and we so hold.

For the reasons stated in the opinion, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

KASSERMAN, P.J., and KARNS, J., concur.