16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael A. STAPLETON, Petitioner-Appellant,
v.
James A. CHRANS and Neil F. Hartigan, Respondents-Appellees.
 No. 91-2337.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.*
Decided Jan. 7, 1994.
 
 Appeal from the United States District Court for the Central District of Illinois, Danville Division, No. 87 C 2408, Harold A. Baker, Judge.
 
 
 1
 C.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Michael A. Stapleton, currently an inmate of the Menard Correctional Center, appeals from the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, on the ground of procedural default. We affirm.
 
 I. BACKGROUND
 
 4
 Stapleton was convicted in 1982 by a twelve-member jury in the Circuit Court of Peoria County, Illinois, of attempted murder of a police officer, aggravated battery, and unlawful use of weapons within five years of release from a state penitentiary. He was sentenced to concurrent terms of twenty-seven years and four years imprisonment. Stapleton appealed his conviction, arguing that his twenty-seven year sentence for attempted murder was excessive, and that his felony conviction for unlawful use of weapons should be reduced to a misdemeanor. The Illinois Appellate Court affirmed, People v. Stapleton, 115 Ill.App.3d 1067, 451 N.E.2d 584 (Ill.App.Ct.1983), and the Illinois Supreme Court denied his petition for leave to appeal. With the aid of counsel, Stapleton then filed a petition for post-conviction relief. In his petition he alleged that he had not been convicted of the attempted murder charge by a unanimous jury as required under Illinois law, and that his trial counsel was ineffective for failing to raise the issue of the lack of unanimity in the jury's verdict. Because Stapleton had failed to raise either of these claims on direct appeal, the petition was dismissed. The Illinois Appellate Court affirmed, agreeing with the Circuit Court that Stapleton's failure to raise all available claims on direct appeal had resulted in a procedural bar. People v. Stapleton, No. 3-85-0527 (Ill.App.Ct. Dec. 16, 1986). The Illinois Supreme Court again denied leave to appeal. People v. Stapleton, No. 64717 (Ill. April 15, 1987).
 
 
 5
 Stapleton then filed the present petition for a writ of habeas corpus, asserting the following grounds for relief: (1) the state appellate court had improperly relied on his parole status in affirming his excessive sentence; (2) the jury had been unconstitutionally selected on the basis of race, and several jurors had prior knowledge of the case; (3) the jury did not reach a unanimous verdict; and (4) trial counsel was ineffective for not objecting to the composition of the jury, or to its failure to reach a unanimous verdict. The district court dismissed Stapleton's first claim as not being cognizable in federal habeas, and ordered Stapleton to show cause and prejudice for his failure to present the remaining three claims to the state courts on direct appeal. The court also granted Stapleton's request for the assistance of counsel in presenting his case. In a subsequent order, the court noted that Stapleton had apparently abandoned his claim that the jury had been improperly selected on the basis of race, thus leaving only his nonunanimous jury and ineffective assistance of trial counsel claims. Stapleton v. Chrans, No. 87-2408 (C.D.Ill. Oct. 20, 1989) (unpublished).
 
 
 6
 In its order of February 7, 1991, the district court held that Stapleton had not shown cause justifying his procedural default of his ineffective assistance of trial counsel claim, noting that under Murray v. Carrier, 477 U.S. 478 (1986), Stapleton may not establish cause by alleging ineffective assistance of appellate counsel, an independent constitutional claim that he never presented to the state court. See id. at 488-89. The court also determined that it did not have sufficient information to decide whether Stapleton could proceed to the merits of his nonunanimous jury claim, and directed the parties to supplement the record on that issue. In its order of April 18, 1991, the district court dismissed the nonunanimous jury claim on the ground that Stapleton had not presented any objective, external impediment to justify his failure to comply with state procedural rules, and thus had failed to demonstrate cause for his procedural default of that claim as well. Proceeding pro se, Stapleton then filed a timely appeal. Subsequent to the filing of that appeal, Stapleton moved this court to take judicial notice of certain "evidence." The materials submitted with that motion were in the nature of a supplement to Stapleton's appellate brief, and will be considered with that brief.
 
 II. ANALYSIS
 
 7
 A finding of procedural default in state court that is based on adequate and independent state law grounds precludes federal review of the merits of a habeas petitioner's claims, unless the petitioner establishes cause for the procedural default and actual prejudice resulting from it, or demonstrates that failure to reach the merits of his claims will result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 111 S.Ct. 2546, 2554-55, 2565 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989); Carrier, 477 U.S. at 495-96.
 
 
 8
 The last state court to render a judgment in this case expressly stated that its ruling rested on a state procedural bar, see Harris, 489 U.S. at 262, and Stapleton has not attempted to present a colorable claim of actual innocence, as is required to support his contention that there has been a "fundamental miscarriage of justice" in this case.[1] See Herrera v. Collins, 113 S.Ct. 853, 862-63 (1993); Sawyer v. Whitley, 112 S.Ct. 2514, 2518-19 (1992) (citations omitted). Stapleton must therefore show cause and prejudice excusing his procedural default in state court. Moreover, as the district court was careful to explain, Stapleton may not rely on a belated claim of ineffective assistance of appellate counsel as cause, since he failed to present that claim to the state court in his state petition for post-conviction relief.[2] See Carrier, 477 U.S. at 488-89; Barksdale v. Lane, 957 F.2d 379, 384 n. 11 (7th Cir.) (citing Harris v. DeRobertis, 932 F.2d 619, 622-24 (1991)), cert. denied, 113 S.Ct. 257 (1992). Instead, Stapleton must demonstrate that there was some objective external impediment, such as interference by state officials or the unavailability of the factual or legal basis of his claims, which prevented him from presenting the claims to the state court on direct appeal. See Carrier, 477 U.S. at 488; Crank v. Duckworth, 969 F.2d 363, 365 (7th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993); Barksdale, 957 F.2d at 385.
 
 
 9
 Stapleton's own pleadings reveal that the factual basis of his nonunanimous jury claim was available to him well before his direct appeal was filed in the Illinois Appellate Court. He alleges that while the jury was being polled, he himself observed that one juror's response was inaudible, and that the juror was weeping and shaking his head as if to indicate "No." Moreover, the state court trial record containing the verdict forms which Stapleton alleges were forged was made available to Stapleton's appellate counsel. And finally, the record contains evidence that appellate counsel discussed the nonunanimous jury claim with Stapleton's trial counsel, and then made a strategic decision not to raise that claim on appeal.[3] Under these circumstances, Stapleton cannot now maintain that his nonunanimous jury verdict claim was unavailable to him or to his counsel in time to raise it on appeal. See Amadeo v. Zant, 486 U.S. 214, 222 (1988) (habeas petitioner must show that claim was not reasonably discoverable in time to comply with state procedural rules) (citations omitted); see also McCleskey v. Zant, 111 S.Ct. 1454, 1472 (1991) (omission of claim in federal habeas "will not be excused merely because evidence discovered later might also have supported or strengthened the claim") (abuse of writ case). Furthermore, since Stapleton's ineffective assistance of trial counsel claim is premised upon trial counsel's failure to object to the allegedly nonunanimous verdict, that claim could have been raised on direct appeal as well. See Amadeo, 486 U.S. at 222; Carrier, 477 U.S. at 488. Stapleton has therefore failed to show cause for his procedural default,[4] and we are precluded from addressing the merits of these claims.
 
 
 10
 In his motion of November 25, 1991, which we are treating as a supplement to Stapleton's appellate brief, Stapleton also asserts that he wishes to preserve his claim that his jury was unconstitutionally selected on the basis of race under Batson v. Kentucky, 476 U.S. 79 (1986). The record reveals that this claim, like Stapleton's other two claims, was not raised on direct appeal. Moreover, because there is no right to counsel on collateral review of a criminal conviction, Stapleton's failure to preserve this claim before the district court cannot be excused on the ground of ineffective assistance of post-conviction counsel. See Coleman, 111 S.Ct. at 2566-68; Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). We are therefore precluded from considering the merits of Stapleton's Batson claim as well.
 
 CONCLUSION
 
 11
 The district court's denial of Stapleton's petition for writ of habeas corpus on the ground of procedural default is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Although appellant indicated "Oral Argument Requested" on the cover of his brief, he did not file the requisite statement. This appeal has accordingly been submitted on the briefs and record
 
 
 [1]
 Because the Sixth Amendment does not require unanimity to convict in noncapital cases where the jury consists of more than six members, see Schad v. Arizona, 111 S.Ct. 2491 (1991); Burch v. Louisiana, 441 U.S. 130 (1979); Apodaca v. Oregon, 406 U.S. 404 (1972), Stapleton is precluded from claiming that he is "innocent" of attempted murder on the ground that the jury finding of guilt in this case was itself constitutionally infirm
 
 
 [2]
 We note that Stapleton's ineffective assistance of appellate counsel claim was not even included in his present petition for federal habeas corpus as a substantive ground for relief, but was only raised as a cause to excuse his procedural default. We also observe that the Attorney General of Illinois advised the district court that exhaustion of state court remedies is not at issue in this case, so that Stapleton's failure to raise an ineffective assistance of appellate counsel claim in his state petition for post-conviction relief has resulted in a procedural default of that claim as well. (R. at 25, Respondent's Answer at 5-6). Cf. Harris v. DeRobertis, 932 F.2d 619, 620 (7th Cir.1991) (exhaustion of state remedies at issue)
 
 
 [3]
 (R. at 14, Addendum III, Letter from Charles W. Hoffman to Michael Stapleton, dated 10/15/82)
 
 
 [4]
 Stapleton's suggestion that there was some sort of collusion between trial counsel and appellate counsel which influenced appellate counsel's decision not to raise these two claims as grounds for appeal finds no objective support in the record. Moreover, as we have already noted, Stapleton's attorney on state post-conviction review failed to raise a claim of ineffective assistance of appellate counsel, and Stapleton himself failed to include the claim as a separate substantive ground for relief in his federal habeas petition